IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

LYNETTE A. DiBRITO,

       Plaintiff  :  CIVIL ACTION NO 1:08-CV-2308

  v.

          :  Honorable Christopher C. Conner

HARRISBURG AREA COMMUNITY
COLLEGE,

       Defendant

_____

## DEFENDANT'S ANSWER

COMES NOW, Defendant Harrisburg Area Community College (hereinafter "Defendant" or "HACC"),[1] by counsel, and states the following as its Answer to the allegations in Plaintiff's Complaint.

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

---

[1] Plaintiff previously filed a voluntary notice of dismissal of the claims she originally asserted against Defendants Edna Baehre and Winifred Black. (*See* Docket Entry No. 3).

## JURISDICTION

5.  Admitted in part, and denied in part.  The allegation in paragraph 5 constitutes a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Defendant admits that the Court may exercise subject matter jurisdiction over the claim against Defendant pursuant to 28 U.S.C. § 1331.  The remaining implications and characterizations of this paragraph are denied.

6.  Admitted in part, and denied in part.  Defendant is without sufficient information to either admit or deny the precise date on which Plaintiff received the right to sue letter from the Equal Employment Opportunity Commission ("EEOC").  Accordingly, Defendant denies that Plaintiff received the right to sue letter on October 1, 2008 and demands strict proof thereof.  The additional allegation that Plaintiff "has exhausted all administrative remedies" constitutes a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies that Plaintiff has appropriately exhausted all administrative remedies against all Defendants.  Defendant, however, admits that Exhibit A to the Complaint constitutes a true and accurate copy of the Notice of Right to Sue Letter issued by the United States Equal Employment Opportunity Commission related to the charge of discrimination that Plaintiff lodged against Defendant.

## PREDICATE FACTS

7. Admitted.

8. Denied. Defendant is without sufficient information at this time to either admit or deny the allegations of paragraph 8. Accordingly, Defendant denies those allegations and demands strict proof thereof.

9. Denied. Defendant is without sufficient information at this time to either admit or deny the allegations of paragraph 9. Accordingly, Defendant denies those allegations and demands strict proof thereof.

10. Denied, as stated.

11. Denied. Defendant is without sufficient information at this time to either admit or deny the allegations of paragraph 11. Accordingly, Defendant denies those allegations and demands strict proof thereof.

12. Admitted.

13. Admitted in part, and denied in part. It is admitted that in May of 2006 Dr. Baehre met with the entire division of Student Affairs and Enrollment Management to request input regarding the Vice President position description and that the position description was modified based on the suggestions that she received. However, it is denied that applicants had already submitted materials at that point.

14. Denied. Defendant is without sufficient information at this time to either admit or deny the allegations of paragraph 14. Accordingly, Defendant denies those allegations and demands strict proof thereof.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied. Defendant is without sufficient information at this time to either admit or deny this allegation. Accordingly, Defendant denies the allegation in paragraph 18 and demands strict proof thereof.

19. Denied. Defendant is without sufficient information at this time to either admit or deny this allegation. Accordingly, Defendant denies the allegation in paragraph 19 and demands strict proof thereof. By way of further answer, Taylor was selected for an on-campus interview based on her performance during the telephone interview.

20. Admitted.

21. Admitted in part, and denied in part. It is admitted that at the next Search Committee meeting, the results of the telephone interviews were distributed. It is also admitted that Subrina Taylor's score on the telephone interview was sufficiently high that she was selected for an on-campus interview as a finalist for the position. It is specifically denied, however, that "[a]ccording to

the application documents . . . Taylor was the most qualified individual for the position."

22.     Denied.  Defendant is without sufficient information at this time to either admit or deny this allegation.  Accordingly, Defendant denies the allegation in paragraph 22 and demands strict proof thereof.

23.     Denied.  Defendant is without sufficient information at this time to either admit or deny this allegation.  Accordingly, Defendant denies the allegation in paragraph 23 and demands strict proof thereof.

24.     Admitted in part, and denied in part.  It is admitted that Ms. Rockey provided ballots to the Search Committee members and asked them to vote "yes" or "no" as to whether the Search Committee members believed that the individual applicant would be able to perform the position's duties.  The remaining allegations of this paragraph, however, are denied.

25.     Admitted in part, and denied in part.  It is admitted that materials regarding the finalist candidates were submitted to Dr. Baehre directly "without approval of the Search Committee.  These included the notes, vote taking, and rankings."  It is denied that Ms. Rockey compiled and forwarded these materials.  Regarding what Ms. Rockey told the Search Committee members about the process, Defendant is without sufficient information at this time to either admit or deny that allegation.  Accordingly, Defendant denies that Ms. Rockey "told the

Search Committee members that she would compile discussion notes and lists of strengths/limitations for each candidate and that she would send them out to the Search Committee Members before submitting them to Dr. Baehre." Defendant demands strict proof thereof.

26. Admitted in part, denied in part. It is admitted that on or about August 7, 2006, Plaintiff had a conversation with Dr. Baehre regarding the Search Committee. Plaintiff's description and characterization of that conversation, however, are denied.

27. Admitted in part, and denied in part. It is admitted that Dr. Baehre informed Plaintiff that Dr. Baehre had heard rumors about Plaintiff leaking information. Plaintiff's description and characterization of that conversation, however, are denied.

28. Admitted.

29. Denied. Defendant is without sufficient information at this time to either admit or deny the allegations of paragraph 29. Accordingly, Defendant denies those allegations and demands strict proof thereof.

30. Admitted.

31. Admitted in part, denied in part. It is admitted that in late July 2006, Plaintiff approached Mr. Young about the Search Committee process. Plaintiff's allegations regarding the substance of those concerns, however, is denied.

Specifically, Defendant denies that Plaintiff "express[ed] her concern about the injection of racial considerations into the process and to report the discriminatory remarks made by Rockey." Furthermore, it is denied that Ms. Rockey injected racial considerations into the process or that she made any discriminatory remarks. By way of clarification, Mr. Young was the <u>acting</u> Vice President of Student and Academic Affairs at the time of Plaintiff's meeting with him.

32. Denied, as stated. Rather, Defendant's Human Resources Department interviewed Plaintiff in mid-August 2007 regarding an anonymous complaint it had fielded concerning the Search Committee process.

33. Denied.

(a) Denied, as stated. While it is admitted that certain of Plaintiff's administrative tasks have been or could be re-assigned, it is denied that the re-allocation of those duties constitutes a "[d]ownward status change in terms of responsibilities. . ." or that any such reassignment had anything to do with Plaintiff's alleged involvement with Ms. Taylor's EEOC complaint. Rather, the re-assignment of some of Plaintiff's administrative tasks occurred as part of a college-wide reorganization process.

(b) Denied, as stated. It is admitted that Plaintiff's title has been changed from Associate Dean of Student Life to Senior Student Campus Director. It is denied, however, that this constituted a "[d]ownward status change" or that

any such title change had anything to do with Plaintiff's alleged involvement with Ms. Taylor's EEOC complaint. Rather, the re-naming of Plaintiff's job title occurred as part of a college-wide reorganization process that resulted in an immediate salary increase to Plaintiff.

    (c)    Denied.

    (d)    Admitted in part. It is admitted that Plaintiff received annual performance evaluations. Regarding the contents of those evaluations, they are written documents that speak for themselves.

    (e)    Admitted in part, denied in part. It is admitted that Defendant centralized Plaintiff's administrative duties with the Harrisburg Campus. The remaining allegations and characterizations of this paragraph, however, are denied.

34.    Denied.

    (a)    Admitted in part, and denied in part. It is admitted that Dr. Black heard rumors that Plaintiff was intending to sabotage the Spring 2008 Commencement ceremony. It is admitted that Dr. Black heard this rumor from several different sources, that Dr. Black spoke with Plaintiff in May of 2008 regarding what she heard and that Dr. Black refused to reveal the sources of such information, which was provided to her in confidence. It is denied, however, that Dr. Black "again confronted DiBrito on October 20, 2008."

    (b)    Denied.

(c) Denied.

(d) Denied.

(e) Denied.

35. Denied. The allegations that Defendant engaged in "retaliatory actions" and that the allegations in paragraphs 33(a)-(e) "constitute adverse or tangible employment actions cognizable under Title VII because they represent a materially adverse change in the terms and conditions of DiBrito's employment" constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies these legal conclusions. The remaining characterizations of this paragraph are denied as well.

36. Denied. The allegation in paragraph 36 constitutes a conclusion of law to which no responsive pleading is required. To the extent a response is required, Defendant denies that Dr. Black engaged in "severe or pervasive retaliatory harassment" or any other conduct that would amount to a violation of Title VII.

## APPLICATION OF LAW

37. Defendant incorporates its responses from paragraphs 1-36 above as if set forth fully here.

38. Denied. Plaintiff's allegation that she engaged in protected activity constitutes a conclusion of law to which no responsive pleading is required. To the

extent a response is required, Defendant denies that Plaintiff engaged in protected activity. Additionally, as stated previously, Defendant denies that Plaintiff ever lodged a complaint with Mr. Young, or anyone else for that matter, regarding "concerns of racial discrimination. . . ." Regarding Plaintiff's allegations that she submitted Exhibit B to the EEOC, Defendant is without sufficient information at this time to either admit or deny that allegation. Accordingly, Defendant denies that allegation and demands strict proof thereof. Moreover, Defendant denies that Exhibit B "supports" Ms. Taylor's charge of racial discrimination.

39. Denied. The allegation in paragraph 39 constitutes a conclusion of law to which no responsive pleading is required. To the extent a response is required, Defendant denies that Plaintiff suffered an adverse employment action or harassment.

40. Denied. The allegation in paragraph 40 constitutes a conclusion of law to which no responsive pleading is required. To the extent a response is required, Defendant denies that a causal connection exists between any activity Plaintiff allegedly engaged in with respect to Ms. Taylor's EEOC charge and any treatment Plaintiff was allegedly subjected to by Defendant.

41. Denied. Defendant is without sufficient information at this time to either admit or deny the allegations of paragraph 41. Accordingly, Defendant denies those allegations and demands strict proof thereof.

42. Denied. The allegation in paragraph 42 constitutes a conclusion of law to which no responsive pleading is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to punitive damages.

43. Paragraph 43 constitutes Plaintiff's demand for a jury trial to which no responsive pleading from Defendant is required. To the extent the Court deems a response required, Defendant denies that Plaintiff is entitled to a jury trial on the issues of any requested equitable relief.

## PRAYER FOR RELIEF

In response to Plaintiff's **"WHEREFORE"** Clause, Defendant incorporates its responses from Paragraphs 1-43 above as if set forth fully here. Defendant denies that it is liable to Plaintiff or that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

Defendant states the following as defenses to Plaintiff's claim without assuming the burden of proof for any such defenses that would otherwise rest on Plaintiff and with the reservation of Defendant's right to amend or supplement its responses to the Complaint, as well as its Affirmative Defenses, as information is obtained through discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted. Specifically, Plaintiff has failed to allege facts amounting to actionable retaliation under Title VII.

## SECOND AFFIRMATIVE DEFENSE

Defendant is not subject to punitive damages under Title VII because it acted in good faith and with reasonable cause to believe that its actions did not violate Title VII, and Defendant made good faith efforts to prevent retaliation by, among other things, the establishment of policies in the work place to prevent discrimination on the basis of, among other things, activity protected under Title VII.

## THIRD AFFIRMATIVE DEFENSE

All employment decisions with respect to Plaintiff were made for legitimate, non-retaliatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

Assuming that Plaintiff has appropriately plead entitlement to back pay or front pay, Plaintiff would not be entitled to a jury trial on the issue of her entitlement to, or the amount of, back pay and front pay under Title VII.

## FIFTH AFFIRMATIVE DEFENSE

Defendant denies that it is guilty of any action and/or inaction that would permit Plaintiff to recover in this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages to the extent required by law.

## SEVENTH AFFIRMATIVE DEFENSE

Any award of compensatory and/or punitive damages under Title VII would be subject to Title VII's $300,000 statutory cap.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as the alleged unlawful conduct occurred over the statute of limitations period before the filing of a complaint or charge of discrimination by Plaintiff with the United States Equal Employment Opportunity Commission.

## NINTH AFFIRMATIVE DEFENSE

At all times, Defendant applied its employment policies and practices equally to Plaintiff and Defendant's other employees, without discrimination on any unlawful basis, including retaliation for engaging in protected activities.

## **TENTH AFFIRMATIVE DEFENSE**

At all times, Defendant exercised reasonable care to prevent and correct promptly any discriminatory, harassing, or retaliatory behavior by virtue of an employee complaint procedure that ensures a prompt, objective, and orderly mechanism for resolving employee complaints, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or to avoid harm otherwise.

Defendant will rely upon any and all other defenses lawfully available to it at the time of trial and reserves the right to amend its Answer if necessary.

WHEREFORE, Defendant respectfully requests that this Action be dismissed, with prejudice, and that Defendant be awarded its costs expended in defense of this action, including, but not limited to, its attorneys' fees, expert witness fees, Court costs, and such other relief that the Court deems necessary and appropriate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | BARLEY SNYDER LLC |
| Dated: February 26, 2009 | By: */s/ Jennifer L. Craighead* |
|  | Jennifer L. Craighead (Pa. Bar No. 69105) |
|  | jcraighead@barley.com |
|  | David J. Freedman, Esq. (Pa. Bar No. 207257) |
|  | dfreedman@barley.com |
|  | 126 East King Street |
|  | Lancaster, PA  17602-2893 |
|  | Tel:  (717) 299-5201 |
|  | Fax: (717) 291-4660 |
|  | Attorneys for Defendant |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing, Defendant's Answer, was filed electronically and is available for viewing and downloading on the Court's CM/ECF system this 26th day of February 2009.

John M. Kerr, Esq.
5020 Ritter Road--Suite 109
Mechanicsburg, PA 17055
kerrlaw@comcast.net
Tel: (717) 766-4008
Fax: (717) 766-4066

BARLEY SNYDER LLC

By: */s/ Jennifer L. Craighead*
    Jennifer L. Craighead (Pa. Bar No. 69105)
    jcraighead@barley.com
    David J. Freedman, Esq. (Pa. Bar No. 207257)
    dfreedman@barley.com
    126 East King Street
    Lancaster, PA  17602-2893
    Tel:  (717) 299-5201
    Fax: (717) 291-4660
        Attorneys for Defendant