

FILED
HARRISBURG, PA

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNETTE A. DiBRITO, | : |
|            Plaintiff | :   CIVIL ACTION NO 1:08-CV-2308 |
|     v. | : |
| | :   Honorable Christopher C. Conner |
| HARRISBURG AREA COMMUNITY COLLEGE, | : |
| | : |
|            Defendant | : |

## **PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), and for the purpose of

protecting confidential information and facilitating discovery, Plaintiff Lynette A.

DiBrito and Defendant Harrisburg Area Community College ("HACC") hereby

consent to the entry of the following protective order:

IT IS HEREBY ORDERED as follows:

This Protective Order shall govern any non-public designated documents or

information produced in this litigation, including deposition testimony, testimony

taken at a hearing or other proceeding, declarations, affidavits, interrogatory answers, documents, and other discovery materials or requests.

1.      Subject to the terms and restrictions of this Protective Order, Plaintiff and Defendant may exchange confidential documents or information.  No provision in this Protective Order shall be construed to require the disclosure of any documents or information.

2.      Each producing party or non-party (hereafter "Source") shall have the right to designate as confidential and subject to this Protective Order any information, document or portion of any document produced by it in this litigation which contains confidential information.

3.      On documents or any written responses to discovery, this designation shall be made by stamping or labeling each page of the document containing confidential information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" (collectively referred to in this Protective Order as "Confidential Information") prior to its production.

4.      A producing party may designate specific oral testimony as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" by identifying the testimony so designated on the record at the end of the deposition or proceeding to the receiving party and court reporter.  A producing party shall provide a written designation of the specific pages or lines of testimony that

contain confidential information to the receiving party and the court reporter within five days of receipt of any transcript. The court reporter shall mark the transcript in accordance with the designations. In the interim between the depositions, hearing or other proceeding and the date the confidentiality designations under this paragraph are due, the oral designations shall be controlling.

5.     The designation "CONFIDENTIAL" shall be limited to non-public information under Paragraph 2 that the Source reasonably believes is confidential, including any confidential or sensitive information concerning any individual or entity involved in this lawsuit, provided that the information has been treated as confidential by the Source.

6.     The designation "CONFIDENTIAL ATTORNEYS ONLY" shall be limited to information or documents under Paragraph 2 or other materials that contain trade secrets or confidential business information or confidential and private information of employees and former employees of HACC and current and former HACC students, the disclosure of which might adversely affect or prejudice the disclosing party's business or competitive position within its trade or business or invade the privacy of other employees or HACC such that the Source is justified in limiting even parties to this litigation from accessing the Confidential Information.

7.    Accidental disclosure of Confidential Information does not waive the confidence otherwise attaching to the Confidential Information. Upon a party or Source's discovery that information was not correctly designated, that party or Source shall provide notice in writing to the other parties that the information was inappropriately designated. The Source shall then have three business days in which to provide copies of the information marked with a new designation. In the interim, the information shall not be used in a manner inconsistent with the written notice.

8.    Inadvertent production of information that a Source later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document") will not be deemed to waive any privilege. Upon discovery by a Source that it has produced an Inadvertently Produced Privileged Document, the Source shall promptly notify all other parties of such inadvertent production in writing. A Source may request the return of any Inadvertently Produced Privileged Document by identifying the information inadvertently produced and stating the basis for withholding such information from production. If a Source requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or non-party, the possessing party shall within three business days return to the requesting party

4

or non-party the Inadvertently Produced Privileged Document (and all copies thereof) and shall expunge from any other document or material, information reflecting the contents of the Inadvertently Produced Privileged Document. The party returning such material may then move the Court for an order compelling production of the material but the inadvertent production shall not constitute a waiver of any privilege and shall not be considered by the Court in making its determination whether or not to compel production.

9.    Confidential Information may be used at any hearing, trial or appeal in this case under such conditions as the Court may impose.

10.    No person who receives documents, discovery, testimony or information designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY shall disclose such documents, discovery, testimony or information to any other person, except as permitted by this Protective Order, unless and until such designation is removed either by the party originally making the designation or in accordance with this Protective Order.

11.    Except as otherwise permitted by this Protective Order, access to and disclosure of CONFIDENTIAL ATTORNEYS ONLY material shall be limited by the receiving party to (a) the attorneys, partners, associates, paralegals, and secretarial and clerical employees of counsel representing any party in this action who agree to be bound by the terms hereof, (b) in-house counsel for any party who

are actively involved in the litigation of this action and their immediate staff who agree to be bound by the terms hereof, (c) court reporters and their staff retained to record and/or transcribe deposition testimony in connection with this action, (d) consulting or testifying experts and their staff retained by a party in connection with this action and who agree to the terms hereof, and (e) others specifically identified and authorized in writing by the disclosing source. It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as CONFIDENTIAL ATTORNEYS ONLY and produced by the Source, provided that such rendering of advice and opinions shall not reveal the actual content of such information except by prior written agreement with the Source.

    12.    Except as otherwise permitted by this Protective Order, access to and disclosure of Confidential Information designated as CONFIDENTIAL shall be limited by the receiving party to (a) the persons identified in Paragraph 11 hereof; and (b) on a need to know basis and subject to Paragraph 13, the parties to this action, persons noticed for depositions, witnesses in this action and their respective counsel, and officials and employees of the receiving party actively involved in the prosecution or defense of this action.

    13.    Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement of any person

to whom any Confidential Information is disclosed (other than Court personnel, counsel for a party and their respective direct staff) to be bound by the terms of this Protective Order. Such written agreement shall be in the form annexed hereto as Attachment A. Copies of such signed agreements may be produced to an opposing party by order of the Court for good cause shown.

14.     Subject to the terms of this Protective Order, and the Federal Rules of Civil Procedure, any party may utilize Confidential Information in the course of a deposition, hearing or other proceeding, in accordance with Paragraph 9, provided that counsel performing the examination believes in good faith that disclosure to any witness is necessary to obtain testimony pertinent to the defense or prosecution of this action and that, prior to his or her examination, the witness is furnished with a copy of this Order and has executed Attachment A to this Order. Any disclosure pursuant to this paragraph shall not constitute a waiver of the confidentiality designation originally assigned to the Confidential Information.

15.     CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY documents and information designated by a Source hereunder shall be stored only at the offices of each parties' counsel, or at the secure off-site storage facility of each parties' counsel, and will be copied only by each parties' counsel, including its direct staff or copier service retained for such purposes by counsel.

16.   Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document to any person who was an author, addressee or carbon copy recipient of such document and regardless of any designation pursuant to this Protective Order.  If a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

17.   The following Procedures shall govern any challenges to confidentiality designations:

A.   If a party reasonably believes that information should not be designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY it must specify to the Source in writing (a) the bates numbers (if applicable), (b) the information in issue, and (c) the grounds for questioning the confidentiality designation.  The Source must respond in writing within ten business days, or within such additional time as is reasonable (taking into account the number of documents or other

8

information in issue) and is agreed to by counsel or as ordered by the Court.

B.    If the party challenging the confidentiality designation is not satisfied by the Source's response or explanation, the challenging party may move the Court to lift the confidentiality designation, whereupon the burden of establishing the propriety of confidential treatment of the information will rest upon the Source making the designation.  Until the Court rules, the confidentiality designation shall remain in effect.  If the Court rules that the information should not be restricted, the original designation shall remain in effect for three business days after the Court's Order.

C.    A party's decision not to challenge a particular confidentiality designation will not be construed as an admission that the information in question qualifies as confidential for any purpose.

18.    Neither the selection nor the designation of documents, discovery, information or testimony as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY shall in any way constitute a waiver of any objection to

otherwise improper discovery in this action, whether such discovery is oral or written.

19.     This Order shall survive the termination of this litigation. Within 90 days of final termination of this litigation, the parties must return to the Source, or destroy, information containing Confidential Information.

IT IS SO ORDERED.

_____
CHRISTOPHER C. CONNER
United States District Judge

Date: 3|24|09 _____

WE ASK FOR THIS:


                                    BARLEY SNYDER, LLC


By: /s/ John M. Kerr                By: /s/ David J. Freedman
John M. Kerr, Esq.                  Jennifer L. Craighead, Esq.
kerrlaw@comcast.net                 jcraighead@barley.com
Law Offices of John M. Kerr, Esq.   David J. Freedman, Esq.
5020 Ritter Road, Suite 109         dfreedman@barley.com
Mechanicsburg, PA 17055             126 E. King Street
Attorney for Plaintiff              Lancaster, PA 17602
                                    Attorneys for Defendant

ATTACHMENT A

ACKNOWLEDGEMENT OF CONFIDENTIALITY DESIGNATIONS AND AGREEMENT
TO BE BOUND BY TERMS OF COURT ORDER

I, _____, hereby acknowledge that I may receive

confidential information in the following action:

> *Lynette A. DiBrito v. Harrisburg Area Community College*, United States District Court
> for the Middle District of Pennsylvania, Case No. 1: 08cv2308.

I certify my understanding that if I receive designated confidential information it is being

provided to me pursuant to the terms and restrictions of the Order entered in this litigation. I

further certify that I have been given a copy of and have read the terms of that Order, that I agree

to be bound by its terms, and that I submit to the jurisdiction of the Court for purposes of

enforcing that Order.

This _____ day of _____, 200__.


_____
Signature


_____
Printed Name


11