Law Office of

# John M. Kerr

John M. Kerr, Esquire
Heather S. Clouser, Paralegal

January 13, 2010

VIA ECF

The Honorable Christopher C. Conner
United States District Court Judge
Federal Building & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17108

Re: DiBrito v. Harrisburg Area Community College
No. 1:08-CV-2308

Dear Judge Conner:

This letter is written in anticipation of the Conference Call with the Court and counsel scheduled for later today on the issues of an independent psychiatric examination of my client, Lynette DiBrito, as well as whether she should be compelled to execute an Authorization for mental health records dating to the 1990s in Minnesota, well before she ever entertained any idea of becoming employed by Harrisburg Area Community College.

As you are aware, this case involves a Title VII Retaliation claim against Harrisburg Area Community College for punishing my client for having engaged in protected activity by assisting a co-worker's claims of racial discrimination filed with the Equal Employment Opportunity Commission ("E.E.O.C."). Her only claim for emotional distress was a routine one associated with the retaliatory discrimination. She filed no separate pendent state law claim nor Count for intentional or negligent infliction of emotional distress. Instead, at paragraph 41 of her Complaint, she alleged that she suffered emotional damages, including aggravation of her pre-existing medical conditions, brought on by the stress created by the College's retaliatory actions.

Under governing law, Plaintiff must allege more than this Plaintiff has in order to establish that the party's mental condition is in controversy. See, Turner v. Imperial Stores, 161 F.R.D. 89, 97 (S.D. Calif. 1995) ("[t]he weight of authority on this issue establishes that in order for a party seeking to compel a psychiatric examination under Rule 35 to establish that the other party's mental condition is 'in controversy' within the meaning of the Rule, the moving party must show more than that the party in question has claimed emotional distress"), citing Sabree v. United Brotherhood of Carpenters & Joiners of America Local No. 33, 126 F.R.D. 422 (D. Mass. 1989) ("... Sabree makes a 'garden-variety' claim of emotional distress, not a claim of psychic injury or psychiatric disorder resulting from the alleged discrimination") and Miller v. Colonial Refrigerated Transportation, Inc., 81 F.R.D. 741 (M.D.PA 1979).

Throughout the discovery process, Lynette DiBrito has fully cooperated with requests for her medical and mental health records. In this context, she signed Authorizations for her family physician, Dr. Scott Mueller; her therapist, Elliott Singer, and her psychiatrist, Dr. Ralph Picchoto, at East Shore

The Honorable Christopher C. Conner
January 13, 2010
Page 2

Psychiatric Associates; and her Neurologist, Dr. Laura Lava. It should be noted that she permitted Elliott Singer to forward his actual psychotherapy notes, rather than just a summary, as she could have insisted upon under  the Health Insurance Portability and Accountability Act of 1995 ("HIPAA").

Counsel for Harrisburg Area Community College now want – in addition to all this – records from her therapist at Lutheran Social Services in Mankato, Minnesota dating to the 1990s. These records are not relevant to her present claim. Her claim is that she suffered emotional distress as a result of the College's actions in 2006 and afterward.  Counsel has already had adequate opportunity to question her on everything she told her therapist during this latter period. In fact, they have continued the college's retaliation by penalizing  Ms. DiBrito for filing this lawsuit by bringing up a variety of personal issues which she discussed with her therapist. They already have sufficient information in which to challenge the causation of her emotional distress claims with these variety of personal issues unrelated to the lawsuit.

I would also note that mandating the independent psychiatric examination would further delay this case, as certainly Plaintiff should have the opportunity to depose the psychiatrist conducting this examination. The current discovery deadline expires on Friday, January 15, 2010.

Thank you for permitting me to answer counsel's letter, previously sent to you.

Respectfully yours,

*John M. Kerr*

John M. Kerr

cc: Jennifer Craighead, Esq.  (via ECF)
     David Freedman, Esq.  (via ECF)