IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNETTE A. DEBRITO,<br>    Plaintiff | :<br>:<br>: NO: 1:08-CV-2308<br>: |
| v. | :<br>: |
| HARRISBURG AREA COMMUNITY COLLEGE,<br>    Defendant | : CIVIL ACTION<br>:<br>: (JUDGE CONNER)<br>:<br>: JURY TRIAL DEMANDED<br>: |

<u>PLAINTIFF LYNETTE DEBRITO'S BRIEF OPPOSING A RULE 35 IPE</u>

I. <u>BACKGROUND</u>

On January 13, 2010, a conference call was held with the Court to present argument relative to Defendant Harrisburg Area Community College's request for a Rule 35 Independent Psychiatric Examination. The Court ordered the parties to submit briefs on the issue and directed Plaintiff to particularly focus on the case, <u>Bowen v. Parking Authority of the City of Camden</u>, 214 F.R.D. 188, 193 (D. N.J. 2003) and to further determine whether an expert witness would be presented to offer an opinion as to Plaintiff's emotional distress as a result of Defendant's alleged retaliatory actions.

In accordance with the Court's request, Plaintiff has determined <u>that it will not offer any expert testimony</u> as to her mental status. Instead, Elliott Singer, her therapist from East Shore Psychiatric Associates, will testify as a fact witness concerning what she told him.

II.    QUESTION PRESENTED

WHETHER PLAINTIFF HAS PLACED HER MENTAL CONDITION IN CONTROVERSY AND, FURTHER, WHETHER GOOD CAUSE EXISTS TO COMPEL AN INDEPENDENT PSYCHIATRIC EXAMINATION UNDER RULE 35 OF THE FEDERAL RULES OF CIVIL PROCEDURE?

(suggested answer in the negative)

III.    ARGUMENT

A.   Relevance of the Bowen Case To The Present Facts.

In Bowen, the Plaintiff contended that harassment by certain Parking Authority officials caused him "stress and emotional problems" for which he sought treatment. Like the present case, Bowen alleged retaliation, although in that case it was for reporting certain illegal conduct and conduct which he considered to be discriminatory. Similar to the present case, Bowen reported to the Court that he intended to present his treating physician as a fact witness to testify at trial as to his mental condition.

The Bowen court observed that there was considerable divergence of opinion on the "in controversy" requirement, but that most courts agree that, " for a plaintiff's mental status to be 'in controversy' requires more than the 'garden variety' emotional distress allegations that are part and parcel of the plaintiff's underlying claim" [collecting cases, including Turner v. Imperial Stores, 161 F.R.D. 89, 97-98 (S.D. Cal. 1995)[1]]. The Court cited Turner with approval, stating as follows:

> [A] court will order plaintiffs to undergo mental examinations when, in addition to a claim of emotional distress, one or more of the following elements are present: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) all allegation of specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

Bowen, 214 F.R.D. 188, 193, quoting Turner, 161 F.R.D. at 95.

---

[1] This case, and some of t5hee cases it cited, were included in undersigned counsel's letter of January 13, 2010 to the Court.

The Bowen court also pointed out that in Turner, "[s]ignificant to the court's decision were the facts that the plaintiff had not 'brought an action for either intentional or negligent infliction of emotional distress,' had not 'alleged that she suffers from a specific psychiatric injury or disorder as a result of defendant's conduct,' did not 'claim to suffer from unusually severe emotional distress,' did not 'intend to offer expert testimony regarding her emotional distress,' and had not 'conceded that her mental condition is 'in controversy[2].'" Id., quoting Turner, at 97.

It is also important to note that the Bowen court observed that precluding an independent psychiatric examination does not foreclose the possibility of obtaining discovery concerning the plaintiff's psychiatric history. Id., 214 F.R.D. at 194. The court specifically noted that defendants may question plaintiff; request psychological records; or depose the therapist. It should be stated that in the present case, lawyers for Harrisburg Area Community College did depose the Plaintiff on these issues and did obtain psychological records. It was by their own choice that they did not depose Plaintiff's therapist, from whom they had obtained extensive records.

B. The Present Case Fits Within the Garden Variety Emotional Distress Case

In Plaintiff's Complaint, she stated the following:

41. As a result, Plaintiff Lynette DiBrito has suffered emotional damages, including aggravation of pre-existing medical conditions, brought on by the stress imposed by the Defendants' actions.

Plaintiff DiBrito did not plead a count for either intentional or negligent infliction of emotional distress; did not allege a specific psychiatric injury as, for example, post-traumatic stress disorder; will not offer expert testimony regarding the claim of emotional distress; and did not make out a claim for unusually severe emotional distress. Indeed, her allegation related mainly to having a pre-existing condition of Lyme's disease, which

---

[2] The Bowen court noted that Turner made these findings despite the plaintiff's one million dollar compensatory damages claim for "humiliation, mental anguish, and emotional distress." Id., citing Turner, 161 F.R.D., at 97.

is exacerbated by stress. Paragraph 41 of her Complaint represents the "garden variety" emotional distress allegation. As the Bowen court opined, "emotional distress" is not the same as "mental injury," or else "mental examinations could be ordered whenever a plaintiff claimed emotional distress or mental anguish." Bowen, 214 F.R.D. at 193.

During argument on January 13, 2010, counsel for Harrisburg Area Community College cited Womack v. Stevens Transport, Inc., 205 F.R.D. 445 (E.D. PA, 2001). However, that case was a negligence action – not an employment case – in which the plaintiff alleged that he suffered physical and mental injuries as a result of a motor vehicle accident with defendant's truck. This case falls within the ambit of the United States Supreme Court ruling in Schlagenhauf v. Holder, 379 U.S. 104 (1964), which stated that "[a] plaintiff in a negligence action who asserts a mental or physical injury … places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id., 379 U.S. at 118-119.

The present case is not a negligence action. It does not assert a claim for physical or mental injuries. It is not applicable to the present facts.

IV.     <u>CONCLUSION</u>

For the foregoing reasons, it is requested that the Court deny Defendant's request for an Independent Psychiatric Examination.

Respectfully submitted,

/s/ John M. Kerr
John M. Kerr, Esquire
Attorney I.D.#26414
Law Office of John M. Kerr, Esquire
5020 Ritter Road
Suite 109
Mechanicsburg, PA 17055
(717) 766-4008
(717) 766-4066 (fax)
kerrlaw@comcast.net

Dated: January 25, 2010

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing, "Plaintiff Lynette DiBrito's Brief Opposing a Mandatory Rule 35 IPE, " on the below named individuals in the manner indicated:

VIA ECF

David Freedman, Esquire
Jennifer Craighead, Esquire
Barley Snyder
126 East King Street
Lancaster, PA 17602-2893

  /s/ John M. Kerr_____
John M. Kerr, Esquire
Law Office of John M. Kerr
5020 Ritter Road
Suite 109
Mechanicsburg, PA 17055
(717) 766-4008

Dated: January 25, 2010

Case 1:08-cv-02308-CCC    Document 24    Filed 01/25/2010    Page 7 of 7