# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LYNETTE A. DIBRITO,** | : | CIVIL ACTION NO. 1:08-CV-2308 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **HARRISBURG AREA COMMUNITY COLLEGE,** | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 12th day of March, 2010, upon consideration of defendant's request (<u>see</u> Doc. 25) that the court order plaintiff to submit to an independent psychiatric evaluation[1] pursuant to Rule 35 of the Federal Rules of Civil Procedure,

---

[1] Defendant argues that plaintiff placed her mental condition in controversy insofar as she seeks a substantial sum of compensatory damages solely for emotional distress. Defendant observes that plaintiff does not seek back pay or front pay; defendant contends that plaintiff has suffered no monetary loss. (<u>See</u> Doc. 25 at 1, 5, 7-9).
    Defendant also contends that good cause exists for an independent psychiatric evaluation, because there are several other possible sources of plaintiff's emotional distress. Specifically, defendant has alleged that plaintiff's medical records contain evidence of pre-existing mental health issues, and that plaintiff has acknowledged sources of stress in her personal life. (<u>Id.</u> at 2-4, 11). According to defendant, an examination would assist in determining the extent to which defendant could be liable for emotional distress damages. (<u>Id.</u> at 6). It would answer such questions as whether plaintiff's alleged emotional distress is attributable to defendant's conduct, and to what extent any emotional distress which is attributable to defendant has exacerbated pre-existing conditions. (<u>Id.</u>) In addition, defendant avers that plaintiff claims ongoing emotional distress, not merely past emotional distress, (<u>id.</u> at 6, 10), and an examination would reveal whether plaintiff is currently suffering from emotional distress or mental injury, (<u>id.</u> at 6).

see FED. R. CIV. P. 35(a)(1) (providing that "[t]he court . . . may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner"), and upon further consideration of plaintiff's brief (Doc. 24) opposing an independent psychiatric evaluation, and it appearing that plaintiff argues that she has merely presented a "garden variety" emotional distress allegation, and that under <u>Bowen v. Parking Authority of the City of Camden</u>, 214 F.R.D. 188 (D.N.J. 2003) and <u>Turner v. Imperial Stores</u>, 161 F.R.D. 89 (S.D. Cal. 1995), such an allegation is insufficient to place her mental condition "in controversy" for purposes of Rule 35(a),[2] and it further appearing that defendant contends that <u>Bowen</u> and <u>Turner</u> are

---

[2] <u>See</u> 214 F.R.D. at 193 (stating that "most courts agree that for a plaintiff's mental status to be 'in controversy' requires more than 'garden variety' emotional distress allegations that are part and parcel of the plaintiff's underlying claim."). The <u>Bowen</u> court stated, in pertinent part:
> [A] court will order plaintiffs to undergo mental examinations when, in addition to a claim of emotional distress, one or more of the following elements are present: "(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a)."

214 F.R.D. at 193 (quoting <u>Turner</u>, 161 F.R.D. at 95).

The law as stated by the <u>Bowen</u> court, however, is not well-settled. As defendant observes, a number of courts have held that a plaintiff's allegation that he incurred emotional distress damages is sufficient to place his mental condition "in controversy" for purposes of Rule 35(a). (<u>See</u> Doc. 25 at 8 n.3).

distinguishable from the instant case,[3] and the court concluding that plaintiff's mental condition is "in controversy" within the meaning of Rule 35(a) in the instant case, see FED. R. CIV. P. 35(a)(1), and the court further concluding that good cause exists for plaintiff to submit to the requested evaluation,[4] and that notice has been afforded to all parties, see FED. R. CIV. P. 35(a)(2), it is hereby ORDERED that:

1. Defendant's brief (Doc. 25) is CONSTRUED as a motion for an examination under FED. R. CIV. P. 35, and is GRANTED as so construed.

---

[3] Defendant asserts that Bowen and Turner are distinguishable from the instant case in the following respects. (See Doc. 25 at 8-). First, while the plaintiffs in Bowen and Turner sought damages associated with their termination (e.g., lost wages) in addition to emotional distress damages, the plaintiff here was not terminated, and she seeks compensatory damages entirely for emotional distress. (Id. at 8-9). Second, the Bowen and Turner plaintiffs did not claim ongoing emotional distress, as defendants contend that the plaintiff here does. (Id. at 9-10). Third, in Bowen or Turner, neither plaintiff alleged that his or her emotional distress was accompanied by physical manifestations, nor did either plaintiff suffer from a pre-existing mental or physical condition, whereas the plaintiff in the instant matter claims that her emotional distress aggravated the symptoms of her pre-existing condition of Lyme's disease. (Id. at 10-12).

[4] In reaching the conclusion that plaintiff's medical condition is "in controversy," and that "good cause" exists for her to submit to an independent psychological evaluation, the court is persuaded by several considerations. First, plaintiff has made her emotional distress central to the issue of damages in the instant case. Second, plaintiff has claimed that her pre-existing condition of Lyme's disease was exacerbated by her emotional distress. And finally, there are alternative sources that may have caused or contributed to plaintiff's emotional distress.

3

2. Plaintiff shall submit to an examination performed by Dr. Larry A. Rotenberg,[5] or by another suitably licensed psychiatrist to whom the parties agree. The examination shall take place at a time and place to be determined by agreement of the parties.

3. The examination shall be limited, in general terms, to the following issues: (a) whether, and the extent to which, plaintiff is currently suffering from emotional distress or mental injury;[6] (b) whether plaintiff's alleged emotional distress is attributable to defendant's conduct or to other factors (including pre-existing mental health issues); and (c) to what extent any of plaintiff's alleged emotional distress which is attributable to defendant has exacerbated plaintiff's pre-existing physical or mental conditions.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[5] Dr. Rotenberg, the head of the Department of Psychiatry at Reading Hospital and Medical Center, is the examiner chosen by defendant, and it is the court's understanding that plaintiff does not object to defendant's choice of examiner.

[6] If plaintiff does not wish the evaluation to include inquiry into whether she currently suffers from emotional distress or mental injury, she may explicitly disclaim ongoing emotional distress, and the provisions of part (a) of this paragraph shall be vacated.